**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-01543-NYW

STANLEY CHIGOZIE NWABUWA,

     Petitioner,

v.

WARDEN OF DENVER CONTRACT DETENTION FACILITY, in his official capacity,
ACTING FIELD OFFICE DIRECTOR, DENVER FIELD OFFICE, in his official capacity,
MARKWAYNE MULLIN, in his official capacity,
TODD M. LYONS, in his official capacity, and
TODD BLANCHE, in his official capacity,

     Respondents.

_____

**ORDER**
_____

This matter is before the Court on the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). [Doc. 1]. Petitioner Stanler Chigozie Nwabuwa ("Petitioner") is a citizen of Nigeria who has been present in the United States since 2024. [*Id.* at ¶ 2]. He has been detained ever since. [*Id.*]. He was given a bond hearing and was denied bond, [*id.* at ¶ 7], but he argues that since the time bond was denied, his circumstances "have materially changed," [*id.* at ¶ 8].

Petitioner argues that his prolonged detention violates the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act. [*Id.* at ¶¶ 5–6, 107]. He asks the Court to order that he be immediately released from custody; alternatively, he asks this Court to order a bond hearing. [*Id.* at ¶¶ 138–39].

Upon review of the Petition, the Court concludes that good cause exists to enter

an order preserving the Court's jurisdiction over this case pursuant to the Court's inherent authority to do so.  The All Writs Act provides, in pertinent part, that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a).  The All Writs Act dates from the first Judiciary Act of 1789, and the Supreme Court has recognized that its express authority empowers lower courts, in limited circumstances, to issue temporary injunctions as may be necessary to protect the status quo or their own jurisdiction.  *See FTC v. Dean Foods Co.*, 384 U.S. 597, 603, 608 (1966).  Indeed, the Supreme Court has instructed that, "[u]nless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it."  *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172–73 (1977) (quotation omitted).

Pursuant to the All Writs Act, and in order to preserve the Court's jurisdiction, Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the United States Court of Appeals for the Tenth Circuit vacates this Order.  *See Vizguerra-Ramirez v. Choate*, No. 25-cv-00881-NYW, ECF No. 11 at 4–5 (D. Colo. Mar. 21, 2025) (collecting cases); *Vazquez v. Baltazar*, No. 25-cv-03049-GPG-TPO, ECF No. 11 (D. Colo. Oct. 2, 2025); *Dean Foods Co.*, 384 U.S. at 603; *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

Further, upon review of the Petition and Motion for Order, it is **ORDERED** that Petitioner shall **SERVE** Respondents with a copy of the Petition, any accompanying

papers, and a copy of this Order by e-mail and by overnight mail on or before **April 17, 2026**.  Petitioner shall promptly file proof of such service on the docket by **April 21, 2026**, and counsel for Respondents shall promptly enter their notices of appearance.  Within **seven days of service**, Respondents shall **SHOW CAUSE** why the Petition shall not be granted.  *See, e.g., Yassine v. Collins*, No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)).  Any reply shall be filed no later than **seven days** after the Response is filed.

Accordingly, it is **ORDERED** that:

(1)    Petitioner shall **SERVE** Respondents with a copy of the Petition on or before **April 17, 2026** and shall file proof of service on or before **April 21, 2026**;

(2)    Within **seven days** of service, Respondents shall **SHOW CAUSE** why the Petition should not be granted;

(3)    Any reply shall be filed no later than **seven days** after the Response is filed; and

(4)    Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the United States Court of Appeals for the Tenth Circuit vacates this Order.

DATED:  April 14, 2026                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge

3