# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 26-cv-01543-NYW

STANLEY CHIGOZIE NWABUWA,

      Petitioner,

v.

WARDEN OF DENVER CONTRACT DETENTION FACILITY, in his official capacity,
ACTING FIELD OFFICE DIRECTOR, DENVER FIELD OFFICE, in his official capacity,
MARKWAYNE MULLIN, in his official capacity,
TODD M. LYONS, in his official capacity, and
TODD BLANCHE, in his official capacity,

      Respondents.

---

## MINUTE ORDER

---

**Entered by Judge Nina Y. Wang**

On June 1, 2026, this Court ordered counsel for Respondents to show cause as to why they should not be held in civil contempt and ordered to pay Petitioner's reasonable attorneys fees as a sanction for violating an order of this Court. [Doc. 19 at 12–13]. Respondents responded to the Order to Show Cause on June 15, 2026, arguing that sanctions are not warranted because (1) sovereign immunity bars the imposition of compensatory civil contempt sanctions, [Doc. 22 at 5]; (2) the Court lacked jurisdiction to issue the order that Respondents violated, [*id.* at 10; and (3) a finding of contempt is "not warranted in light of Respondents' conduct," [*id.* at 13 (emphasis omitted)]. Petitioner did not seek leave to file a brief in response to Respondents' arguments.

Upon review of the case law cited by Respondents and this Court's own independent research, the Court concludes that an award of compensatory attorney's fees as a civil contempt sanction is barred by sovereign immunity. "Sovereign immunity is the familiar principle that the government cannot be sued except by the consent of Congress." *United States v. Droganes*, 728 F.3d 580, 589 (6th Cir. 2013). "[A] waiver of sovereign immunity must be unequivocally expressed in statutory text." *F.A.A. v. Cooper*, 566 U.S. 284, 290 (2012) (quotation omitted). "[A] waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

Therefore, "[e]xcept to the extent it has waived its immunity, the Government is immune from claims for attorney's fees." *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685

(1983).  Courts addressing this issue have concluded that sovereign immunity precludes a court's imposition of monetary sanctions against the Government in this context.  *See, e.g.*, *United States v. Horn*, 29 F.3d 754, 767 (1st Cir. 1994) ("[S]overeign immunity saves the federal government harmless from all court-imposed monetary assessments, regardless of their timing and purpose."); *United States v. Carter*, No. 16-cr-20032-JAR-2, 2020 WL 430739, at *5 (D. Kan. Jan. 28, 2020) ("[I]n the absence of explicit waiver, that standard dictates the conclusion in this case that sovereign immunity bars the monetary sanctions award contemplated by this Court's August 13 Order."); *Droganes*, 728 F.3d at 590 ("[M]ost circuits faced with similar arguments have suggested that the government's sovereign immunity wins when it comes head-to-head with a lower court's inherent authority [to sanction]." (collecting cases)).  And while the Tenth Circuit has found that the Equal Access to Justice Act waives sovereign immunity for Rule 11 sanctions, *see Adamson v. Bowen*, 855 F.2d 668, 672 (10th Cir. 1988), Rule 11 does not apply to Respondents' conduct here, *see* Fed. R. Civ. P. 11(b) (providing that an attorney or party who submits a filing to a court certifies that the filing is not presented for an improper purpose, warranted by existing law, and has or will have evidentiary support).

To be clear, the Court remains troubled by Respondents' clear violation of the Court's order.  Disagreement with an order of a court does not excuse noncompliance with it.  "If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal." *Maness v. Meyers*, 419 U.S. 449, 458 (1975).  "Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect." *Id.*; *see also Alexander v. Chicago Park Dist.*, 927 F.2d 1014, 1025 (7th Cir. 1991) ("Parties must obey court orders regardless of their validity, unless the orders are stayed pending appeal.").  But absent an express waiver, sovereign immunity precludes the issuance of the compensatory civil contempt sanctions contemplated in the Court's June 1, 2026 Order.

Accordingly, it is **ORDERED** that:

(1)    The Court's Order to Show Cause dated June 1, 2026, [Doc. 19 at 12–13], is **DISCHARGED**;

(2)    Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 17] is **DENIED as moot**; and

(3)    The Clerk of Court shall enter judgment in Respondents' favor and close this case.

DATED:  July 24, 2026

2